UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: DICKEY'S BARBECUE RESTAURANTS, INC.,
CUSTOMER DATA SECURITY BREACH LITIGATION                MDL No. 2983

ORDER DENYING TRANSFER

**Before the Panel**:*  Plaintiffs in the Southern District of California *Diczhazy* action move under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of California.  This litigation consists of three actions—two pending in the Southern District of California and one pending in the Northern District of Texas—as listed on Schedule A.  Since the filing of the motion, the Panel has been notified of three related federal actions pending in the Central District of California and the Northern District of Texas.

Movants assert that plaintiffs in the other action pending in the Southern District of California support the motion.[1]  Plaintiffs in the Northern District of Texas *Kostka* action, as well as defendants Dickey's Barbecue Restaurants, Inc., and Dickey's Capital Group, Inc., oppose centralization.  Alternatively, the opposing parties suggest the Northern District of Texas as the transferee district for this litigation.  Plaintiffs in another Northern District of Texas action noticed as related to this litigation (*Jeary*) take no position on the motion, but support selection of the Northern District of Texas as the transferee venue if this litigation is centralized.

On the basis of the papers filed and the hearing session held,[2] we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation.  These putative class actions share factual questions arising from an alleged criminal intrusion or intrusions into the payment data systems at restaurants operating under the "Dickey's Barbecue Pit" name (Dickey's runs a restaurant franchise business).  This data breach resulted in the theft of millions credit card numbers, which were listed on a dark

---

*  One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] Plaintiffs in that action (*Marquez*) did not respond to the motion.  Panel Rule 6.1(c) provides that "[f]ailure to respond to a motion shall be treated as that party's acquiescence to it."

[2] In light of the concerns about the spread of the COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of January 28, 2021.  *See* Suppl. Notice of Hearing Session, MDL No. 2983 (J.P.M.L. Jan. 11, 2021), ECF No. 26.

web marketplace in October 2020. Plaintiffs attribute this data breach to Dickey's alleged failure to put in place reasonable data security protections at its franchises. There are, however, only six actions at issue (including the three related actions), which are pending in only three districts. Moreover, this litigation has not grown significantly since the motion for centralization was filed— only three additional cases have been filed, one of which was filed in state court before any of the actions on the motion. Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Moving plaintiffs have failed to meet that burden here.

We have emphasized that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). Among these options are voluntary cooperation and coordination among the parties and the involved courts to avoid duplicative discovery or inconsistent pretrial rulings. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004). In the circumstances presented here, such informal coordination among the small number of parties and involved courts appears eminently feasible.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Catherine D. Perry        Nathaniel M. Gorton
Matthew F. Kennelly       David C. Norton
Roger T. Benitez          Dale A. Kimball

**IN RE: DICKEY'S BARBECUE RESTAURANTS, INC., CUSTOMER DATA SECURITY BREACH LITIGATION**  MDL No. 2983

## SCHEDULE A

<u>Southern District of California</u>

DICZHAZY, ET AL. v. DICKEY'S BARBECUE RESTAURANTS, INC., ET AL.,
  C.A. No. 3:20-02189
MARQUEZ v. DICKEY'S BARBECUE RESTAURANTS, INC., ET AL.,
  C.A. No. 3:20-02251

<u>Northern District of Texas</u>

KOSTKA v. DICKEY'S BARBECUE RESTAURANTS, INC., C.A. No. 3:20-03424